**Petition for Writ of Mandamus Granted in Part and Denied in Part and Memorandum Opinion filed January 15, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-01074-CV

### IN RE TOMICA HENDERSON, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2004-56234**

## MEMORANDUM OPINION

On November 28, 2012, relator filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Jim York, presiding judge of the 246th District Court of Harris County to vacate his order of October 25, 2012, naming the Texas Department of Family and Protective Services as the temporary sole managing conservator of K.M.M. and L.U.W.; and to vacate

his order of October 11, 2012, consolidating trial court cause number 2012-58295 into trial court cause number 2004-56234.

The record before this court shows that the trial court could have come to only one reasonable conclusion—that the Department failed to satisfy the requirements of section 262.201(b) of the Texas Family Code and that possession of the children should have been returned to relator as required under section 262.201. *See* Tex. Fam. Code §262.201(b). Accordingly, we conditionally grant relator's petition for writ of mandamus, in part, and direct the trial court to vacate the Temporary Order Following Adversary Hearing signed October 25, 2012, and order the return of the present possession of the children, K.M.M. and L.U.W, to relator. The writ will issue only if the trial court fails to comply within ten days of the date of this opinion.

Relator has not shown that she is entitled to mandamus relief from the consolidation order. The record does not reflect any complaint was made to the trial court about the consolidation. Accordingly, this part of the petition is DENIED. *See* Tex. R. App. P. 52.8(a).

PER CURIAM

Panel consists of Justices Frost, Christopher, and Jamison.

2